UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Breindel Stark,<br><br>                              Plaintiff,<br><br><br>        -v.-<br><br>Diversified Adjustment Service, Inc.,<br><br><br>                              Defendant(s). | Civil Action No: 7:21-cv-6759<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Breindel Stark, (hereinafter referred to as "Plaintiff") brings this Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Diversified Adjustment Service, Inc. (hereinafter referred to as "Defendant"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.     Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "[e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this action under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with a business address of 600 Coon Rapids Blvd. N.W., Minneapolis, MN 55433 and an address for service of process at C T Corporation System, 28 Liberty St 42nd Floor, New York, NY 10005.

9. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

11. Some time prior to May 26, 2021, on a date better known by Defendant, upon information and belief, an obligation was incurred to a creditor, Sprint. The subject debt was allegedly incurred by Plaintiff solely for personal, household or family purposes, specifically phone services.

12. Sprint is a "creditor" as defined by 15 U.S.C. § 1692a(4).

13. The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

14. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

15. Upon information and belief, Sprint contracted Defendant for the purpose of debt collection. Therefore, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

*Violation I – May 26, 2021 Collection Letter*

16. On or about May 26, 2021, the Defendant sent the Plaintiff an initial collection letter regarding the subject debt. (See "Letter" at Exhibit A.)

17. Plaintiff maintains that she does not owe this debt.

18. After receving the Letter, Plaintiff notified Defendant that she wishes that Defendant cease further communication with her regarding the subject debt.

19. Nevertheless, Defendant continued to call Plaintiff to attempt collection of the subject debt.

20. As Plaintiff notified Defendant to cease communications and Defendant continued further communications to attempt collection on the subject debt, Defendant's violated § 1692 (c)(c).

21. Defendant's further communication with Plaintiff subsequent to her notice was abusive and harassing.

22. Defendant concretely harmed Plaintiff by communicating with her after being put on notice that Plaintiff wished that Defendant cease communication.

### *Violation II – May 26, 2021 Collection Letter*

23. On page one of the Letter, Defendant lists the Balance Due as $367.96.

24. On page two of the Letter, Defendant makes an itemized accounting of the debt:

    1. Total amount of the debt due as of charge-off:                              $0.00
    2. Total amount of interest accrued since charge-off:                          $0.00
    3. Total amount of non-interest charges or fees accrued since charge-off: $0.00
    4. Total amount of payments made on the debt since the charge-off:       $0.00

25. This itemization is patently mistaken.

26. The subject debt is post-charge-off.

27. Therefore, the total amount of the debt allegedly due as of charge-off date is greater than zero.

28. Upon information and belief, interest has accrued on the balance since charge-off and is therefore greater than zero.

29. Upon information and belief, non-interest charges or fees accrued on the balance since charge-off and are therefore greater than zero.

30. Therefore, Defendant's itemization is incorrect, misleading and deceptive.

31. This mistake confused Plaintiff as the stated balance on page one did not comport with the stated itemized accounting on page two.

32. The collection letter is deceptive as it fails to clearly identify the amount of the debt allegedly due to Defendant.

33. In result, the Plaintiff incurred an informational injury as Defendant misstated the amount of debt allegedly owed.

34. The collection letter is open to more than one reasonable interpretation from the perspective of the least sophisticated consumer:

   a) The total amount of the debt due as of the time of charge-off is $367.96;

   b) The total amount of the debt due as of the time of charge-off is $0.00;

   c) The total amount of the debt due as of the time of charge-off is some other amount, augmented by one or more of interest, fees or other charges.

35. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

36. Defendant's collection efforts with respect to the subject debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

37. Generally, these representations are material because they are likely to affect a consumer's choice or conduct regarding how to respond to an allegedly outstanding debt claim and are likely to mislead consumers acting reasonably under the circumstances.

38. Specifically, Defendant's careless, deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because from the letter, Plaintiff could not determine the amount of debt allegedly owed.

39. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

40. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

41. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

42. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

43. Now, consumers have a right to receive proper notice of the amount of debt owed to a debt collector. When a debt collector fails to effectively inform the consumer of the amount of the debt owed, in violation of statutory law, the debt collector has harmed the consumer.

44. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692c *et seq.*

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

47. Pursuant to 15 U.S.C. §1692c(c), If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt.

48. Defendant violated §1692c:

   a. As Plaintiff notified Defendant that she wishes the debt collector to cease further communication with the consumer;

   b. Yet Defendant continued to communicate with Plaintiff with respect to such debt.

49. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692c et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

50. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

51. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

52. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

53. Defendant violated §1692e:

   c. As the letter is open to more than one reasonable interpretation;

   d. As the letter fails to effectively provide Plaintiff with the amount of the debt owed, in violation of §1692e (2); and

   e. By making a false and misleading representation in violation of §1692e (10).

54. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g *et seq.***

55. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

56. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

57. Pursuant to 15 U.S.C. §1692g:

(a)     Notice of debt; contents

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

58. Defendant violated §1692g(a)(1) by failing to provide the amount of the debt.

59. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

60. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Breindel Stark, individually and on behalf of all others similarly situated, demands judgment from Defendant Diversified Adjustment Service, Inc. as follows:

1. For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

2. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

4. For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. §2201; and

5. For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: August 11, 2021                                        Respectfully Submitted,

**STEIN SAKS, PLLC**
 **/s/ Tamir Saland**
Tamir Saland, Esq.
One University Plaza, Ste. 620
Hackensack, NJ 07601
Ph:  201-282-6500 ext. 122
Fax: 201-282-6501
tsaland@steinsakslegal.com
*Counsel for Plaintiff*